UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT PIERCE DIVISION

PEDRO COLLAZO,

   Plaintiff,

                                                 CASE NO.:

-vs-

UNITED STATES OF AMERICA,

   Defendant.
_____/

## COMPLAINT

COMES NOW, Plaintiff, PEDRO COLLAZO, through his undersigned attorney, sues the Defendant, UNITED STATES OF AMERICA, and alleges as follows:

## FACTS

1. This is a claim for damages that exceeds Seventy-five Thousand Dollars ($75,000.00).

2. This is an action under the Federal Tort Claims Act, 28 U.S.C. § 2672, et. seq. as hereinafter more fully appears.

3. This Court has jurisdiction pursuant to 28 U.S.C. § 1346 (b) (1) in that it involves a claim for personal injury caused by the negligence and/or wrongful act or omission of employees of the United States of America.

4. On or about September 16, 2019, a Form 95 Administrative Claim was mailed via U.S. Certified Mail to Central Florida Health Care, Inc., 950 CR 17A W.,

Avon Park, FL 33825 and the United States Department of Health and Human Services, Washington, DC, (the "Agency") alleging medical malpractice.

5. On February 3, 2020, the Agency denied the claim by mailing the undersigned a determination letter.

6. On July 27, 2020, the undersigned timely filed a Request for Reconsideration by emailing and delivering via Federal Express a letter requesting reconsideration and providing additional information for the Agency's consideration. The letter was emailed to the Agency claims email provided by the Agency and to the Agency attorney who made the initial determination.

7. The undersigned has made numerous attempts via telephone and email to attempt resolution of the claim during the reconsideration time period or at least learn the Agency's position on the various issues pending, but the undersigned's telephone messages have went unreturned and emails returned provided only vague, non-responsive information. To date, no response to the Request for Reconsideration has been received.

8. Plaintiff is now and has been at all times material to this incident, a resident of Highlands County, State of Florida.

9. Plaintiff, PEDRO COLLAZO ("Mr. Collazo"), was seen at Central Florida Health Care, Inc. ("CFHC") which is a federally supported community health center, and pursuant to the Federally Supported Health Center Assistant Act of 1992, 41 U.S.C. § 233 (g) (3) (n), the Federal Tort Claims Act, is the exclusive remedy for injuries, including death, caused by employees of a deemed community health center. All

2

administrative conditions precedent to the bringing of this action have been performed or waived.

10. Additionally, on August 23, 2019, Plaintiff sent a *Notice of Intent to Initiate Litigation*, via certified mail, to CFHC. Ninety (90) days since the receipt of that notice has passed, without any response from CFHC.

11. On or about April 2, 2018, Mr. Collazo presented to Dr. Kimber Vasquez ("Dr. Vasquez") and his nurse practitioner, Huey Metts, ("Nurse Metts") of CFHC. following up as instructed on a March 31, 2018 emergency department visit at Florida Hospital Sebring (now known as Advent Health Sebring). Nurse Metts ordered the medical records from that ER visit but did not review the lab results or blood culture results that were performed.

12. Florida Hospital Sebring never advised Nurse Metts, Dr. Vasquez, or PEDRO COLLAZO that he had bacteria in his blood, a medical emergency, and neither Nurse Metts nor Dr. Vasquez ever recognized that fact.

13. Mr. Collazo continued to follow up with Nurse Metts and/or Dr. Vasquez at CFHC again on April 3, 2018 and April 5, 2018, but despite the results being in the chart, neither Dr. Vasquez nor Nurse Metts ever advised PEDRO COLLAZO of the bacteria in his blood.

14. On or around April 5, 2018 and April 6, 2018, Plaintiff, PEDRO COLLAZO, suffered weakness and loss of bowel and bladder function from a spinal abscess that formed from the bacteria in his blood. When he completely lost feeling in

3

his legs on April 6, 2018, his wife called EMS to take him back to another hospital. He was then transferred to a third hospital for needed neurosurgical treatment.

15. As a result of CFHC's negligent failure to review and communicate the positive blood culture results showing that he had bacteria in his blood, Plaintiff, PEDRO COLLAZO, suffered paraplegia, loss of the ability to walk, and loss of normal bladder and bowel function, deeply affecting his ability to function in his daily activities and ability to enjoy life, among other damages.

## COUNT I
### (Personal Injury – PEDRO COLLAZO)

16. Plaintiff readopt and reallege each and every allegation set forth in Paragraphs 1 through 15 of the general allegations and makes them a part of this Count I.

17. At all times material to this cause there existed a healthcare-patient relationship between Plaintiff, PEDRO COLLAZO, and all of the healthcare providers named herein who were involved in providing any and all care and treatment Plaintiff, PEDRO COLLAZO, received at CFHC.

18. At all times material, Nurse Metts and/or Dr. Vasquez and all other employees of CFHC, including doctors, nurses, technicians, nurses' assistants, and other healthcare staff owed a duty of care to provide medical care and treatment to Plaintiff, PEDRO COLLAZO, which met or exceeded the prevailing professional standard of care for similar healthcare providers.

19. Dr. Vasquez and his nurse practitioner, Huey Metts, and all other CFHC. employees involved in the care of Plaintiff, PEDRO COLLAZO, were negligent and failed to meet the prevailing professional standard of care in the care and treatment of Plaintiff, PEDRO COLLAZO, including but not limited to the following particular respects:

   a. Failing to completely and appropriately review the hospital records and lab reports of Plaintiff, PEDRO COLLAZO;

   b. Failing to communicate the blood culture reports to Plaintiff, PEDRO COLLAZO, and properly advise him regarding those results;

   c. Failing to timely refer Plaintiff, PEDRO COLLAZO, to the appropriate specialist or consult or emergency room;

   d. Failing to order appropriate and necessary diagnostic tests;

   e. Failing to provide appropriate and timely follow-up care or follow-up; and

   f. Failing to make a timely diagnosis of Plaintiff, PEDRO COLLAZO's, true condition causing a delay in the appropriate treatment for his septicemia and undiagnosed spinal abscess.

20. As a direct and proximate result of the breach of duty and negligence of the employees of CFHC, including Nurse Metts and/or Dr. Vasquez, Plaintiff, PEDRO COLLAZO, suffered injury and damages, including but not limited to bodily injury and catastrophic injury and resulting pain and suffering, disability, disfigurement, mental

anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, the cost and need for supportive care, the cost and need for supportive devices and modification of his home and auto, and aggravation of a pre-existing condition. The losses are either permanent or continuing and the Plaintiff will suffer losses in the future.

WHEREFORE, Plaintiff, PEDRO COLLAZO, demands judgment for damages against the Defendant, UNITED STATES OF AMERICA, for compensatory damages, costs, prejudgment interest on medical bills and economic damages, and such other relief as this Court deems just.

**DATED** this 3rd day of February 2021.

*/s/ John A. Yanchunis, Esquire*
John A. Yanchunis, Esquire
MORGAN & MORGAN
(Florida Bar No. 324681)
201 N. Franklin Street, 7th Floor
Tampa, FL 33602
Telephone: (813) 223-5505
Facsimile: (813) 222-2434
jyanchunis@forthepeople.com
*Attorney for Plaintiff*